UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRENDA L. MELENDEZ, *individually and as parent and natural guardian of J.C.*,<br><br>　　　　　　　Plaintiff,<br><br>– against –<br><br>NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>　　　　　　　Defendant. | **ORDER**<br><br>19 Civ. 2928 (ER) |
| BRENDA L. MELENDEZ, *individually and as parent and natural guardian of J.C.*,<br><br>　　　　　　　Plaintiff,<br><br>– against –<br><br>RICHARD CARRANZA, NEW YORK CITY DEPARTMENT OF EDUCATION, and NEW YORK STATE EDUCATION DEPARTMENT,<br><br>　　　　　　　Defendants. | 19 Civ. 8726 (ER) |
| BRENDA L. MELENDEZ, *individually and as parent and natural guardian of J.C.*,<br><br>　　　　　　　Plaintiff,<br><br>– against –<br><br>RICHARD CARRANZA, and NEW YORK CITY DEPARTMENT OF EDUCATION,<br><br>　　　　　　　Defendants. | 20 Civ. 823 (ER) |

| | |
|---|---|
| BRENDA L. MELENDEZ, *individually and as parent and natural guardian of J.C.*, CAROLYN MASON, *individually and as parent and natural guardian of A.D.*, and NAHOKO MIZUTA *and* KENTARO MIZUTA, *individually and as parents and natural guardians of Y.M.*, <br><br>                            Plaintiffs,<br><br>– against –<br><br>RICHARD CARRANZA, and NEW YORK CITY DEPARTMENT OF EDUCATION,<br>                            Defendants. | 20 Civ. 1464 (ER) |

Ramos, D.J.:

       In a series of four related cases, the parents of children with serious brain injuries seek injunctive relief pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., and related state law against Defendants New York City Department of Education (the "DOE") and its Chancellor, Richard Carranza, and the New York State Education Department. Specifically, Plaintiffs seek an order directing Defendants to fund tuition at iBrain— the school which the children currently attend and which their parents unilaterally determined was their appropriate pendency placement— while their ongoing due process complaints against Defendants are being resolved.

       On July 24, 2020, the Court denied Plaintiffs' motion for a preliminary injunction, and granted Defendants' motion to dismiss in light of the Second Circuit's recent decision in the tandem cases, *Ventura de Paulino v. New York City Department of Education*, No. 19 Civ. 1662, and *Navarro Carrillo v. New York City Department of Education*, No. 19 Civ. 1813, 959 F.3d 519 (2d Cir. 2020). Doc. 45. In that decision, the Second Circuit squarely held that "[r]egardless of

2

whether [iBrain's] educational program is substantially similar to that offered previously at [iHope], the IDEA does not require the City to fund the Students' program at [iBrain] during the pendency of their IEP dispute." 959 F.3d at 525.  This is because "when the Parents unilaterally enrolled the Students at [iBrain], [they] did so at their own financial risk." *Id*.  The Court found that *Ventura de Paulino*, which presented nearly identical facts, was dispositive of Plaintiffs' claims here.

In spite of the Second Circuit's clear and unequivocal directive, Plaintiffs filed a motion for reconsideration in each of the related cases on August 7, 2020.[1]  *See* 19 Civ. 2928, Doc. 47; 19 Civ. 8726, Doc. 68; 20 Civ. 823, Doc. 40; 20 Civ. 1464, Doc. 34.  Because these motions are nothing more than a rehashing of arguments this Court has already considered and rejected after the issuance of the Second Circuit's opinion, they are denied.

I. **LEGAL STANDARD**

Plaintiffs move for reconsideration under Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3.

Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."  A motion to alter a judgment under Rule 59(e) "may be granted 'only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475 (S.D.N.Y. 2014) (quoting *Hollander v. Members of the Bd. of Regents of the Univ. of the State of N.Y.*, 524 F. App'x 727, 729 (2d Cir. 2013)).  The Second Circuit has noted that it is

---

[1] Though the Court refers to Plaintiffs collectively as a formality, it notes that the instant briefing refers only to J.C., and, as such, any arguments with regards to Plaintiffs and the Mizutas appear to be waived.

"well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks and citation omitted).

      Rule 6.3 of the Local Civil Rules for this District provides for reconsideration of a court's order on a motion only where the court has overlooked controlling decisions of law or factual matters that were "put before it on the underlying motion . . . and which, had they been considered, might have reasonably altered the result before the court." *Mikol v. Barnhart*, 554 F. Supp. 2d 498, 500 (S.D.N.Y. 2008) (quoting *Greenwald v. Orb Commc'ns & Mktg., Inc.*, No. 00 Civ. 1939 (LTS), 2003 WL 660844, at *1 (S.D.N.Y. Feb. 27, 2003)); see also S.D.N.Y. Local Civ. R. 6.3. Under such circumstances, a motion for reconsideration may be granted "to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks and citation omitted). Local Rule 6.3 is "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court." *Mikol*, 554 F. Supp. 2d at 500 (internal quotation marks omitted) (quoting *Dellefave v. Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001)).

      "The standards for relief" under Rule 59(e) are "identical" to those for motions for reconsideration under Local Civil Rule 6.3. *See Ramirez v. United States*, Nos. 05 Civ. 4179 (SAS), 07 Civ. 459 (SAS), 2013 WL 247792, at *1 (S.D.N.Y. Jan. 22, 2013) (internal quotation marks and citation omitted). "Reconsideration of a court's previous order is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *Parrish v. Sollecito*, 253 F. Supp. 2d 713, 715 (S.D.N.Y. 2003) (quoting *In re Health*

4

*Mgmt. Sys. Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)). "Where the movant fails to show that any controlling authority or facts have actually been overlooked, and merely offers substantially the same arguments he offered on the original motion or attempts to advance new facts, the motion for reconsideration must be denied." *Mikol*, 554 F. Supp. 2d at 500 (S.D.N.Y. 2008) (citing *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Whether to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" *Premium Sports Inc. v. Connell*, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. Jul. 11, 2012) (quoting *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009)). Under the strict standard applied by courts in this Circuit, "reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citation omitted).

## II.   DISCUSSION

Plaintiffs argue that reconsideration is appropriate because the Court failed to appreciate a slight distinction between *Ventura de Paulino* and these cases—namely that in *Venutra de Paulino* "[t]he Parents and the City had agreed that the Students' educational program would be provided at [iHope]" and that "[t]he Parents and the City had agreed that the Students' pendency placement shoul be provided at [iHope]." 959 F.3d at 534, 536. Here, in contrast, they argue that iHope became the location of J.C.'s pendency placement not by DOE's choice, but rather by operation of law. This argument was considered—and rejected—by the Court. Doc. 45 at 13. Furthermore, although Plaintiffs' maintain that this is a "crucial, distinguishing" fact, it remains undisputed that J.C. has an established pendency. Plaintiffs, then, note only a distinction without a difference.

Plaintiffs have manifestly failed to point to any change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. A motion for reconsideration is not "a substitute for appeal," *Boart Longyear Ltd. v. All. Indus., Inc.*, 869 F. Supp. 2d 407, 418 (S.D.N.Y. 2012) (citation omitted), nor is it a vehicle for a party dissatisfied with the Court's ruling to voice its disagreement with the decision, *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 512–13 (S.D.N.Y. 2009). "Courts have repeatedly been forced to warn litigants that such motions should not be made reflexively to reargue those issues already considered when a party does not like the way the original motion was resolved." *Boart Longyear Ltd.*, 869 F. Supp. 2d at 418 (internal quotation marks and citation omitted).

### III.  CONCLUSION

For the foregoing reasons, the application is DENIED. The Clerk of Court is respectfully directed to terminate the motions, 19 Civ. 2928, Doc. 47; 19 Civ. 8726, Doc. 68; 20 Civ. 823, Doc. 40; 20 Civ. 1464, Doc. 34.

SO ORDERED.

Dated:   August 31, 2020
         New York, New York

                                                               Edgardo Ramos, U.S.D.J.